UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCIS MARTE-CARRASCO,
   *Plaintiff*,

v.

WAL-MART STORES EAST, LP,
   *Defendant,*

v.

UNARCO INDUSTRIES LLC,
   *Apportionment Defendant.*

No. 3:22-cv-01071-JAM

**ORDER GRANTING MOTION TO DISMISS APPORTIONMENT COMPLAINT**

The question in this case is whether Connecticut law allows apportionment liability against a third-party defendant due to a defect in a product supplied by the third-party defendant. More than twenty years ago, the Connecticut Supreme Court answered "no" to this question. Because the answer remains "no," I will grant the motion to dismiss the apportionment complaint.

### Background

According to the complaint, plaintiff Francis Marte-Carrasco was shopping at a Wal-Mart store when "one of the wheels of the cart failed and/or broke, causing the cart to tip over and fall."[1] As Marte-Carrasco "attempted to prevent the cart from falling to the ground with her child in it, the force of the falling cart injured her shoulder and back."[2]

Marte-Carrasco filed her complaint in Connecticut state court against defendant Wal-Mart Stores East, LP.[3] Her complaint alleges that the incident "was due to the negligence and

---

[1] Doc. #1-1 at 3 (¶¶ 5–6).
[2] *Ibid.* (¶ 6).
[3] *See generally id.*

1

carelessness" of Wal-Mart, including that Wal-Mart "failed to warn" Marte-Carrasco of the cart's condition and that Wal-Mart also "failed to make proper and reasonable inspection of its carts, which would have revealed the defect in the cart."[4]

Wal-Mart promptly removed the case to this Court on the ground of federal diversity jurisdiction.[5] Then Wal-Mart filed an apportionment complaint against a third-party defendant—Unarco Industries LLC—who allegedly manufactured or supplied the defective shopping cart.[6] The apportionment complaint alleges that "[i]f [Marte-Carrasco] suffered damages in the manner alleged in the Complaint, the damages were caused by the negligence" of Unarco "in that Unarco manufactures and/or supplied the subject shopping cart."[7]

Unarco in turn has now moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Wal-Mart's apportionment complaint.[8] It argues that Connecticut law does not allow apportionment for cases involving claims like this one that sound in the law of products liability.[9]

## DISCUSSION

A court considering a motion to dismiss under Rule 12(b)(6) must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[10] "Dismissal is appropriate when it is clear from the face of the complaint … that the plaintiff's claims are barred as a matter of law." *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019).

---

[4] *Id.* at 4 (¶ 7).
[5] Doc. #1.
[6] Doc. #17.
[7] *Id.* at 2 (¶ 6).
[8] Doc. #25.
[9] Doc. #25-1.
[10] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

Wal-Mart has brought its apportionment complaint pursuant to Conn. Gen. Stat. § 52-102b. That statute provides in relevant part that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." § 52-102b(a). The statute further provides that it "shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h for a proportionate share of the plaintiff's damages as a party to the action." § 52-102b(f).

In *Allard v. Liberty Oil Equipment Co., Inc.*, 253 Conn. 787 (2000), the Connecticut Supreme Court addressed the question "whether a defendant sued in negligence may apportion liability to a product seller against whom the defendant alleges, in its apportionment complaint, only a theory of negligence." *Id.* at 788. The facts involved a plaintiff who fell from a ladder on an oil truck while the truck was being serviced on the defendant's property. The plaintiff sued the defendant alleging that the defendant had failed to maintain its service area in a safe condition, and the defendant in turn filed an apportionment complaint against a third-party defendant company that had allegedly "designed, manufactured, installed, distributed, or sold" the ladder and tank portions of the oil truck from which the plaintiff had fallen. *Id.* at 790.

The Connecticut Supreme Court ruled that the defendant could not seek apportionment. It reasoned that apportionment under § 52-102b applies only to actions in negligence. *Id.* at 793–95 (citing negligence provision of Conn. Gen. Stat. § 52-572h). It explained that "only negligent persons may be cited in as apportionment defendants pursuant to the statute" and "that apportionment principles would not apply where the basis of liability of the purported apportionment defendant was based on conduct 'other than negligence,' including but not limited

3

to intentional, wanton or reckless misconduct, strict liability, and liability pursuant to any cause of action created by statute." *Id.* at 803 (citing Conn. Gen. Stat. § 52-572h(o)). It further noted that "[t]he legislature also included a specific bar to apportionment principles where the apportionment defendant's purported misconduct was based on strict liability or on a statutory cause of action." *Id.* at 803–04.

Although the defendant in *Allard* couched its apportionment claim against the third-party company as a claim for negligence, the Connecticut Supreme Court readily concluded that the claim in reality was for statutory recovery under Connecticut's products liability law. "[T]he allegations of the apportionment complaint are that [the third-party company] 'designed, manufactured, installed, distributed, or sold' the portion of the oil truck from which the plaintiff allegedly fell," and "[t]hese allegations are classic allegations of product liability." *Id.* at 799 (citing Conn. Gen. Stat. § 52-572m).

The *Allard* decision controls here. Despite Wal-Mart's attempt to dress up its apportionment claim against Unarco as one for simple negligence, it is clear as day that Wal-Mart ultimately seeks to hold Unarco liable on a products-liability theory of recovery. To start with, the apportionment complaint alleges facts—that Unarco "manufactures and/or supplied the subject shopping cart"—showing that Unarco qualifies as a "product seller" within the meaning of the Connecticut Products Liability Act ("CPLA"). *See* Conn. Gen. Stat. § 52-572m(a) (defining the term "product seller" to mean "any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption.").

Moreover, to the extent that the apportionment complaint's purported "negligence" theory of liability mirrors that of the underlying complaint, the underlying complaint alleges

4

additional telltale facts—such as that Wal-Mart "failed to warn" about the cart's condition and that Wal-Mart "failed to make proper and reasonable inspection of its carts, which would have revealed the defect in the cart." Such allegations of a failure to warn and of a product defect plainly sound in the nature of a products liability claim. *See* Conn. Gen. Stat. § 52-572m(b) (defining the term "product liability claim" to "include[] all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product"); *see also Vitanza v. Upjohn Co.*, 257 Conn. 365, 373 (2001) ("A product may be defective due to a flaw in the manufacturing process, a design defect or because of inadequate warnings or instructions.").

One more consideration here is that the CPLA "provides the exclusive remedy for a claim falling within its scope, thereby denying a claimant the option of bringing common law causes of action for the same claim." *Allard*, 253 Conn. at 800 (citing Conn. Gen. Stat. § 52-572n(a)); *see also Doran v. Glaxosmithkline PLC*, 607 F. Supp. 3d 192, 199 (D. Conn. 2022) (discussing relationship between CPLA and common law claims). Thus, even when plaintiffs try to characterize their claim as something other than a claim subject to the CPLA, courts routinely recharacterize and analyze their claims to recognize that they are subject to the law and limitations of the CPLA. *See, e.g., Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 92 (D. Conn. 2020).

It would make little sense to exempt an apportionment complaint from this exclusivity rule. Thus, *Allard* explicitly forbids a defendant from "convert[ing] its apportionment claim … into something other than a product liability claim simply by alleging only negligent

misconduct." 253 Conn. at 800. The *Allard* decision dictates dismissal of Wal-Mart's apportionment complaint.

When Unarco filed its motion to dismiss, it relied front-and-center on *Allard*, correctly observing that the "circumstances in *Allard* are strikingly similar to this case."[11] Rather than withdrawing its ill-considered apportionment complaint, counsel for Wal-Mart responded by filing an objection that altogether failed to cite or acknowledge *Allard*.[12] And counsel did so despite the fact that *Allard* obviously controls this case. Is it too much to expect better from counsel?

## CONCLUSION

For the reasons set forth above, the Court GRANTS the apportionment defendant's motion to dismiss (Doc. #25).

It is so ordered.

Dated at New Haven this 20th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[11] Doc. #25-1 at 4.
[12] Doc. #26.